In the Matter of the Claim of Charles Rasmussen, Respondent, against Park Garage & Machine Shop, Inc., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 24, 1928.

**Workmen's compensation — award for purpose of reimbursing employer for wages paid during disability, not authorized under Workmen's Compensation Law.**

There is no evidence of disability during the period for which the award was made in this case, and it cannot be justified on the ground that it was made to reimburse the claimant's employer for wages paid to him during a period of disability, for the Workmen's Compensation Law does not authorize such an award.

APPEAL by Park Garage & Machine Shop, Inc., and another from an award of the State Industrial Board, made on the 10th day of October, 1927.

*Harry E. Wareham,* for the appellants.

*Albert Ottinger,* Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the State Industrial Board.

PER CURIAM. There is no evidence of disability during the period for which the award is made.

A disability award may not be made " to reimburse an employer " for wages as such paid or advanced to an injured employee within the period of his disability. (*Piasecki* v. *Cheramy, Inc.,* 214 App. Div. 831; *Bell* v. *Fraser,* 210 id. 560, 563.)

The Workmen's Compensation Law (§ 25, as amd. by Laws of 1926, chap. 260, and Laws of 1927, chap. 497) provides, in part: " If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided his claim for reimbursement is filed before compensation is paid."

The Workmen's Compensation Law does not provide in any section for reimbursement of wages paid during part of a period of disability. (*Bell* v. *Fraser, supra.*) An award to an injured employee may not include compensation for that period of disability for which he has been paid wages as such; he has suffered no loss of earnings. (*Pottle* v. *Atkinson Co.,* 215 App. Div. 739.) An exception is made to this rule in the case of a schedule award. There is also possibly an exception where the injured employee has used the wages to employ a substitute. (*Zubradt* v. *Estate of Shepard,* 180 App. Div. 20.) If money advancements, other than his wages or " advance " compensation, are made by the employer to the employee, whatever the understanding for reimbursement, the Industrial Board may not act as collecting agent for the lender; the employee may have his full award and must be left to discharge his own obligations.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.