Lang's Creamery, Inc., Respondent, *v.* City of Niagara Falls and Others, Appellants.

Fourth Department, November 9, 1928.

*George W. Knox,* for the appellants.

*Moore, Killian & Knowles* [*Robert J. Moore* of counsel], for the respondent.

Taylor, J.   On May 23, 1921, the city of Niagara Falls passed the following ordinance, which is known as chapter XVII, section 13-a:

" No milk or cream shall be sold or offered for sale as ' pasteurized ' milk or cream unless the same shall have been ' pasteurized ' within the limits of the city of Niagara Falls."

The violation of this section is made a misdemeanor by section 1 of chapter 27 of the city ordinances.

" Subject to the Constitution and general laws of this State, every city is empowered:  *  *  *

. " 13. To maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations and businesses." (Gen. City Law, art. 2-A, § 20, subd. 13, as added by Laws of 1913, chap. 247.)

" The health authorities of any municipality may in their discretion increase the stringency of these regulations or add to them in any way not inconsistent with the provisions thereof."  (State Sanitary Code, chap. III, Reg. 14, Milk and Cream, as amd. April 20, 1922.)

The business of dealing in milk in the city of Niagara Falls is regulated by chapter XVII of the ordinances, known as the " Milk Ordinance."  This provides that no person or corporation shall engage in that business without first obtaining a permit or license, and that the applicant must file a correct statement of the sources of his milk supply and the approximate amount of milk furnished by each producer.  There is also provision for inspection of property and equipment by the health authorities, and if these are found satisfactory, the health officer issues the permit.

Plaintiff owns and operates in the city of Buffalo a milk and cream pasteurizing plant; it sells its product in Buffalo and in surrounding cities and villages; its milk is said to meet — generally — all the requirements of the laws of the State of New York, the State Health Department and the ordinances and regulations of the local health departments of the various municipalities in which its milk is sold.  Plaintiff is the owner of real property in Niagara Falls, consisting of a parcel of land on which a substantial building has been constructed, property convenient and suitable for use as a depot for the storage and distribution of milk.  Plaintiff is willing to comply with all of the requirements of the city ordinances except section 13-a, and has requested permission to sell its milk in the city of Niagara Falls after pasteurizing it in Buffalo.  But defendant officers have refused such permission, stating that they would be obliged to arrest and prosecute any of plaintiff's servants who might sell milk in the city of Niagara Falls in violation of section 13-a.

Plaintiff, bringing its action in equity, has obtained a judgment declaring section 13-a to be unjust, arbitrary, discriminatory and unconstitutional and enjoining defendants from enforcing it. Defendants have appealed.

It is urged that plaintiff has an adequate remedy at law.  We cannot say that this ordinance is invalid — does not prohibit a reasonable expansion of plaintiff's milk dispensing business and

the utilization of its pasteurizing plant in the city of Buffalo for that purpose; that it does not deprive plaintiff and others similarly situated of " the beneficial use and free enjoyment of his property, or imposes restraints upon such use and enjoyment, that materially affect its value." (*Forster* v. *Scott*, 136 N. Y. 577, 584.) Use of property is property. (*Forster* v. *Scott, supra.*) Possibly plaintiff might have resorted to the legal remedy of mandamus. (*People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187, 194.) Plaintiff could have violated section 13-a, subjected itself to criminal prosecution and the possibility of punishment — an unattractive prospect — and then have pleaded the unconstitutionality of the ordinance. A remedy at law sufficient to bar equitable jurisdiction must be " plain and adequate, and as certain, prompt, complete and efficient to attain the ends of justice and its prompt administration as the remedy in equity." (*Dailey* v. *City of New York*, 170 App. Div. 267, 274; affd., 218 N. Y. 665.) The theory that the rule that adequacy of remedy at law is a constant limit upon the exercise of equity jurisdiction has been less generally adopted than the theory that the rule is to be taken in a generic sense as indicating the origin of the jurisdiction and defining generally its grounds and subjects. (21 C. J. 39.) This plaintiff has demanded and obtained a judgment not only preventing defendants from enforcing section 13-a against it, but declaring the section unreasonable and unconstitutional. Thus a special and a general judicial declaration concerning this section have been obtained in one action, accomplishing both expedition and comprehensiveness. There was no adequacy of remedy at law such as to render unavailable the remedy chosen. *Safee* v. *City of Buffalo* (204 App. Div. 561) was a similar equity action, involving rights of property. The rule that equity will not interfere to prevent the enforcement of the criminal law (*Buffalo Gravel Corp.* v. *Moore*, 201 App. Div. 242; affd., 234 N. Y. 542) is not directly involved.

Another question remains for consideration. The ordinance attacked does not prohibit plaintiff from selling wholesome milk within the city of Niagara Falls nor even from selling pasteurized milk. It prevents it from selling *as pasteurized* milk which is not pasteurized within the city limits of Niagara Falls. Is this ordinance reasonable? Or is it capricious, arbitrary and discriminatory?

The right in general of a municipality to regulate the preparation, care, custody and delivery of milk to its inhabitants for their use is not, and cannot be, disputed. That question is fully discussed in *People ex rel. Lodes* v. *Dept. of Health* (*supra*). Nor should the courts unreasonably hamper governmental units in their efforts to conserve the health of their citizens. An ordinance which impedes

the usual course of business, trade or contract making, as to details which have no material bearing upon the public health, morals or welfare in any important aspect, is unreasonable and in restraint of trade and lawful business intercourse. But the right of the individual citizen to acquire property and utilize it and his right to make contracts and do business freely must always yield to appropriate governmental regulation in the interest of public health. " The exercise of such [police] power, within constitutional limitations, depends largely upon the discretion and good judgment of the municipal authorities, with which the courts are reluctant to interfere." (*Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313, 317.) Then the court goes on to specify many situations in which the police power was properly exercised. " We must start out with the presumption that the legislation is constitutional and valid, and however the courts may doubt the wisdom of an enactment they cannot pronounce the same unconstitutional unless able to see either that there is no real, substantial evil of public interest to be guarded against, or that there is no reasonable relation between the evil and the purported cure or prevention offered by the statute." (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459, 469.)

Whatever may be said of other methods of insuring wholesomeness in milk, pasteurization in these days concededly tends to render milk wholesome. If any person desires to sell pasteurized milk, as such, in the city of Niagara Falls, the city, in the interest of the health of its citizens and visitors, has a right to know that the pasteurization comes up to all reasonable standards of perfection. It has a right to be assured that slovenliness, unsanitation or unscientific workmanship do not result in unwholesomeness. If a milk vender in the city of Niagara Falls may pasteurize 100 feet outside the city limits, he may do so in the city of Syracuse or at any far-distant point. As to milk pasteurized outside the city and shipped in for consumption, the authorities in Niagara Falls could not be assured of wholesomeness without thoroughly examining and testing the milk in every bottle or other vessel brought into the city. The only adequate way of insuring proper pasteurization outside the city would be by inspection under the control of these defendants, through scrutiny not only of the character of the plant as to sanitation, etc., but of the work done up to and including inclosing in containers for shipment. The argument that the city might thus inspect pasteurizing plants and charge the expense to the milk dealers, is hardly reasonable, for the record does not indicate that there is any way in which the city could require milk dealers to pay such expense. The ordinance is a general one and must be considered in its general application. It applies

to dealers whose pasteurization plants are located at long distances from the city of Niagara Falls as well as to any who may operate near to the city line.

"The validity of a statute or ordinance is not to be determined from its effect in a particular case, but upon its general purpose and its efficiency to effect that end." (*City of Rochester* v. *West*, 164 N. Y. 510, 514.)

There is no validity in the claim of discrimination. (*Lincoln Trust Co.* v. *Williams Bldg. Corp., supra.*) Every one alike is required to pasteurize within the same city. Inconvenience cannot be made a basis for a claim of favoritism. If the ordinance adds to the expenses of the foreign dealer, its absence would do the same thing to these defendants.

Our conclusion is that the section of the ordinances attacked is not discriminatory, unreasonable or unconstitutional; that its enforcement does not unlawfully interfere with property rights nor hinder lawful trade; and that the judgment appealed from should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

All concur, except. SEARS and CROUCH, JJ., who dissent and vote for affirmance. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.