LILLIE SCHWARTZ, Respondent, v. ISADOR LUBIN, as Industrial Commissioner of the State of New York, Appellant.

First Department, July 1, 1958.

*Samuel A. Hirshowitz* of counsel (*Paxton Blair* and *Hyman Amsel* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for appellant.

*Joseph M. Schwartz* for respondent.

M. M. FRANK, J. This cause for injunctive relief requires us to determine whether the Supreme Court of this State has the inherent equitable power to enjoin the State Industrial Commissioner from destroying certain records now in the possession of his department.

The plaintiff, a civil service employee in the New York State Department of Labor, is now on departmental trial upon charges, which, if established, can result in her dismissal from the service. It is her claim that certain official records in the department's possession will enable her to defend herself successfully against those charges.

The plaintiff asserts that it is a departmental practice to destroy such records at each year's end and if that is done to the documents which she requires, she will suffer irreparable harm. Of course, the question as to whether these records will or will not establish the plaintiff's contention is not before us in this action, nor are we here concerned with their probative value in the administrative hearing.

The complaint alleges that a request made to the hearing officer for the issuance of a subpœna for the records required by the plaintiff was denied. The plaintiff thereupon initiated an article 78 proceeding (*Schwartz* v. *Naftalison,* 11 Misc 2d 439) to test that refusal as arbitrary, and to direct the issuance of a subpœna. Special Term dismissed the petition upon the ground that the review sought was from an intermediate determination. It was then that the plaintiff commenced this action for an injunction.

Significantly, the defendant neither denies the existence of the records, nor the plaintiff's assertion that they will be

destroyed, barring restraint. In meeting the issue, the department argues that in the event that the plaintiff is adjudged guilty at the hearing, she may, in an article 78 proceeding to review the commissioner's determination, urge the failure of the department to supply her with the records as prejudicial error. We believe that argument to be specious.

The suggestion by the defendant that the court, in reviewing the determination made by a public agency, may decide whether that determination was or was not arbitrary and capricious by considering matters dehors the record, by evaluating nonexistent documents and by testing the probative value of papers not marked as exhibits, is novel, to say the least, and scarcely fits our conception of the proper contents of a record on appeal.

It should be noted that the plaintiff is not, by this action for an injunction, seeking to restrain the departmental trial as was the situation in *McGillicuddy* v. *Monaghan* (280 App. Div. 144), nor as it did in that case, would an article 78 proceeding provide this plaintiff with a complete and adequate remedy at law.

A public employee on trial, whose position is at stake, is entitled to fair treatment, an unbiased hearing and a reasonable opportunity to defend against the charges made. If records in a public office will tend to establish the innocence of one charged with misfeasance, they should be made available. Even though they will not, the request for production of the records, if reasonable and based upon the honest belief that exculpatory documentary proof exists, should not be peremptorily ignored. The essence of fair treatment and due process requires that exculpatory proof *in esse* be made available. It should be unnecessary to resort to judicial power to compel a public agency to provide a fair trial to an employee.

The defendant strenuously urges that we are without power to grant the relief sought. As early as the reign of Edward III, long antedating our Federal and State judicial systems, it was a firmly established principle that the Chancellor could restrain action which would result in irreparable injury. Our Supreme Court inherited the principle. (See *Walker* v. *Walker*, 82 N. Y. 260, 262.) The power to enforce it is inherent in the court as well as constitutionally provided (N. Y. Const., art. VI, § 1; Civ. Prac. Act, § 64; *Matter of Steinway*, 159 N. Y. 250, 255; *Metropolitan Trust Co.* v. *Stallo*, 166 App. Div. 639, 641; *Morris* v. *Morris*, 138 Misc. 682, 686, affd. 234 App. Div. 187, affd. 260 N. Y. 650; *Bose* v. *Wehrli*, 186 Misc. 325; *Aberdeen Restaurant Corp.* v. *Gottfried*, 158 Misc. 785, 787; *Gould* v. *Gould*, 118 Misc. 576, 578; Scott on The Courts of the State

of New York, ch. IX, p. 149 *et seq.*; McClintock on Equity [2d ed.], ch. 1, p. 12).

To delineate the boundaries of the equitable powers of restraint is, of course, unnecessary, if indeed at all possible, but it is certain, that in a proper case, the court has the power to shape its relief in order to redress the wrong. Early in the history of the Supreme Court, it was held that public officers could be enjoined from acting in violation of law to the prejudice of the public or to the injury of individual rights (*Davis* v. *American Soc.*, 75 N. Y. 362, 369; *People* v. *Canal Bd.*, 55 N. Y. 390, 393). The lack of precedent or the novelty of the problem does not restrict the granting of appropriate relief (*Duncan* v. *Laury*, 249 App. Div. 314, 316–317; *Ludlam* v. *Riverhead Bond & Mtge. Corp.*, 244 App. Div. 113, 119). This court has held that any pecuniary civil right is a property right subject to equitable protection (*W. Walley, Inc.*, v. *Saks & Co.*, 266 App. Div. 193, 199) and we deem the plaintiff's right to her position to be a sufficient property right to invoke the equity powers of the Supreme Court.

We are not at this time passing upon any question involving the admissibility in evidence, at the administrative hearing, of the papers sought to be preserved, nor upon their probative value. We merely hold that the plaintiff is entitled to have them remain in existence until such time as the need for them will have passed.

It is apparent from the record that this action would not have been started, if the department had assured the plaintiff that the documents would be preserved. The suggestion, therefore, that the plaintiff seek relief in some other proceeding lacks merit, especially when the only one proposal by the defendant must be rejected. We are not aware of any other action that the plaintiff may initiate to obtain the relief sought. Under the circumstances, injunctive relief is appropriate (see *Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 238 App. Div. 191, 196–197; *Lang's Creamery* v. *City of Niagara Falls*, 224 App. Div. 483, 485, affd. 251 N. Y. 343; *Dailey* v. *City of New York*, 170 App. Div. 267, 274, affd. 218 N. Y. 665).

The orders at Special Term denying the motion to dismiss the complaint and granting a temporary injunction should be affirmed on the law and in the exercise of discretion, with costs.

Breitel, J. P., Valente, Stevens and Bergan, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements to the respondent.