In the Matter of CITY OF COHOES et al., Respondents, v RICHARD SPIZOWSKI, Appellant, and WALTER E. BURKE, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 7, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to prohibit the Cohoes Criminal Court, from ordering the destruction of a release executed by appellant. The record shows that on March 13, 1972, before the Presiding Judge in the Cohoes Police Court, the attorney for the appellant moved to dismiss an information charging the appellant with the crime of assault in the third degree. The court responded: "I grant the dismissal because the police officer and the young lady so indicated." The court further stated: "A release on behalf of the police officer [petitioner Doty] is ordered." A release was executed by the appellant in favor of "William Doty, a Police Officer of the City of Cohoes" on the same date of March 13, 1972. The release has been pleaded by the petitioner City of Cohoes as a defense in an action subsequently brought in 1972 by the appellant and another and, as between the same parties in that action, it has been established as law of the case that the release "runs to the benefit of the alleged joint tort-feasor [City of Cohoes]". Subsequently, it was determined that the release was not void or voidable upon the grounds of duress or mistake of fact and the action is presently pending in the Supreme Court of Albany County. In May of 1976, the appellant moved in the Cohoes Police Court, pursuant to CPL 440.10, to have the March 13, 1972 "judgment" of the court vacated and, particularly, that the release be set aside and "delivered to the court for the purpose of destruction". The People responded to that motion by way of an affidavit of an Assistant District Attorney, which challenged the jurisdiction of the court in regard to the release. However, the court, on October 20, 1977,

ruled in favor of the appellant and ordered that the release be "set aside and cancelled" and further that it be "forthwith deliver[ed] to the defendant or his attorney for the purpose of destruction." The petitioner City of Cohoes appealed that order to the County Court of Albany County, and, prior to any final disposition of that appeal, it commenced the present proceeding in Supreme Court "directing the vacation and annulment of the order of the respondent Walter E. Burke directing that a certain civil release be turned over for destruction." It is apparent that the only possible relief pursuant to CPLR article 78 upon which this proceeding is founded would be in the nature of a writ of prohibition. Special Term recognized that prohibition was the appropriate remedy and that it is "an extraordinary remedy * * * not being favored by the courts, it is never issued as a matter of right but only as sound discretion in clear cut situations" (citing *Matter of Schuyler v State Univ. of N. Y. at Albany,* 31 AD2d 273). Upon the foregoing discussion of the relevant facts, the purpose of this proceeding and the relationship of the parties, the conclusion is inescapable that the petition should have been dismissed. There is absolutely nothing to prohibit since the record establishes that prior to this proceeding being initiated on February 16, 1978, the original release was delivered to the appellant's counsel on or about October 27, 1977 and, thus, the order has been complied with. Assuming that it had not been so executed, the petitioners have not demonstrated any prejudice to their rights by virtue of the order. The record establishes that the existence of the release signed by the appellant and all of its terms are matters of public record and whether or not the original is destroyed the petitioners were not impaired insofar as the release is of value to them. Finally, the petitioners have avowed in this proceeding that they were not parties to the proceeding in the Cohoes Police Court and under such circumstances they are clearly not bound by any determination of that court as to the legal efficacy of the release. As the counsel for the appellant stated in an affirmation seeking reargument of this proceeding at Special Term, the petitioners "have utterly failed to demonstrate their right to bring this proceeding or their entitlement to the bizarre relief requested." Judgment reversed, on the law, and petition dismissed, without costs. Staley, Jr., Main and Herlihy, JJ., concur; Greenblott, J. P., concurs in a separate memorandum in which Staley, Jr., and Main, JJ., concur; Mikoll, J., dissents and votes to affirm in a memorandum.

Greenblott, J. P. (concurring). In my view, prohibition does not lie because the Cohoes Police Court acted within its jurisdiction. The extraordinary remedy of prohibition is available only when a court acts or threatens to act without jurisdiction over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction *(Matter of State of New York v King,* 36 NY2d 59, 62). Since a court has inherent power to review its own judgments and correct its own mistakes and errors *(Matter of Lyons v Goldstein,* 290 NY 19, 25), the Cohoes Police Court had jurisdiction to entertain a motion to vacate its prior order whereby it had improperly directed appellant to execute a release in favor of the police officer who had arrested him. (See *Dziuma v Korvettes, Div. of Arlen Realty & Dev. Corp.,* 61 AD2d 677, 679.) Accordingly, the judgment should be reversed, on the law, and the petition dismissed.

Mikoll, J. (dissenting). I respectfully dissent and vote to affirm. Appellant prosecuted his motion to vacate the dismissal of a criminal charge against him in Cohoes Police Court, as a criminal proceeding pursuant to CPL 440.10 and the local criminal court treated it as such. It did not convert the

proceeding to a civil action and require the petitioners herein to be brought in. The Cohoes Police Court in doing so went beyond its criminal court jurisdiction in its order vacating and canceling the release in question and directing that it be delivered to the defendant or his attorney for destruction. In the present posture of the litigation, this CPLR article 78 relief is appropriate *(Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, 437; *Matter of Hogan v Court of Gen. Sessions of County of N. Y.,* 296 NY 1, 8-9). The extraordinary writ of prohibition is a proper remedy. Petitioners were not made parties to the criminal proceeding which determined their rights in the release. Thus, they were deprived of a property interest without due process of law. They do not have the right to appeal from the proceeding. Moreover, the record does not establish that the release in question and its copies have been destroyed. The order setting aside the release and canceling it is a continuing order. Thus, the issue is not academic in my view. This is especially so since the release is evidentiary material in the defense of the pending civil action brought in the Supreme Court by the defendant against petitioners for money damages. The petitioners, and indeed the Supreme Court, have a substantial interest in the preservation of such evidence and it, therefore, may be the subject of a writ of prohibition (cf. *Schwartz v Lubin,* 6 AD2d 108). The petitioners certainly have a right to act expeditiously to preserve such evidence and to remove the threat of its destruction pursuant to the mandate of the Cohoes Police Court. It should be noted that the validity of the release may be challenged in the pending civil action as was done in *Dziuma v Korvettes, Div. of Arlen Realty & Dev. Corp.* (61 AD2d 677). The judgment should be affirmed.