OPINION OF THE COURT
Herbert Kramer, J.
A motion for dismissal in the interest of justice has been made, pursuant to CPL 170.40.
The defendant was charged with crimes resulting from an altercation with a court officer, employed by the State of New York, acting in the course of his employment. The District Attorney offered an adjournment in contemplation of dismissal (A.C.D.) (CPL 170.55) at Bench conferences on three *413 separate occasions, on the condition that Mr. Wilmot "waive any civil remedies he might have arising from the same factual circumstances surrounding the criminal prosecution”. After his persistent refusal to accept the A. C. D. thus conditioned, the defendant was brought to trial before me resulting in a mistrial, as a result of prosecutorial error.
Turning to the factors listed in CPL 170.40, we first note that the District Attorney’s A. C. D. offer constitutes a determination, despite his current posture, that all relevant factors which must be considered by this court balance in the defendant’s favor. In that regard, the District Attorney noted that Mr. Wilmot was 63 years of age, self-supporting, had only one prior brush with the law and was unlikely to engage in a pattern of recidivism.
That offer is an acknowledgment by the District Attorney that there are more serious matters meriting our scarce judicial resources, especially in view of the efficacy of the assault charge. (See, e.g., People v Moyer, 27 NY2d 252.)
The initial offer to "A.C.D.” a case rests with the prosecutor. However, although there is no inherent right to this disposition (People v McDonnell, 83 Misc 2d 907), a defendant may not be compelled to relinquish all rights upon its acceptance. (People v Blakley, 34 NY2d 311.) A prosecutor may not condition the A. C. D. upon matters extraneous to the criminal process involving defendant’s civil rights (Dziuma v Korvettes, Div. of Arlen Realty & Dev. Corp., 61 AD2d 677; Matter of City of Cohoes v Spizowski, 72 AD2d 847), or matters exorcising certain constitutional rights. (People v Blakley, supra.)
The A. C. D., because of the mandatory restoration provision, is peculiarly vulnerable to the imposition of questionable and hidden conditions (cf. Hiscock Legal Aid Soc. v Hennessy, 101 Misc 2d 1046), and must be scrutinized even more carefully.* A criminal defendant may, however, offer to waive the right to pursue civil remedies, but the prosecutor may not obtain this waiver by making the defendant the proverbial offer he cannot refuse. "[I]t is clear that a defendant offered dismissal of a criminal charge upon his agreeing not to proceed with available civil remedies is likely to be hard-pressed to deny the offer and to elect to proceed to trial.” *414 (Dziuma v Korvettes, Div. of Arlen Realty & Dev. Corp., 61 AD2d 677, 679, supra; cf. Matter of City of Cohoes v Spizowski, 72 AD2d 847, supra.) The force of this coercion is anathematic to the voluntary waiver of constitutional rights, and is a presumptively improper impediment upon the free will of a criminal defendant. In fact, a release authored under such circumstances will rarely be honored by a civil court. (Dziuma v Korvettes, Div. of Arlen Realty & Dev. Corp., supra; Matter of City of Cohoes v Spizowski, supra.) Significantly, the potential civil defendant in this case is the State of New York. This underscores the obligation incumbent upon the court to safeguard the civil and constitutional rights of the criminal defendant by meaningfully segregating the prosecutorial function of the District Attorney’s office from that of the Attorney-General, to defend actions against the State.
This entire proceeding is an example of the use of the criminal process for purposes other than the ends of pure criminal justice. Ultimately, if the criminal process is to regain its rightful place in the court of public opinion, courts must resist the use of the criminal process as a civil court, landlord-tenant court, Family Court, expeditious collection agency and return to a process designed "[t]o insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection.” (Penal Law, § 1.05, subd 5.)
Ultimately, the issue here is the balance of the improper condition of the District Attorney’s offer, even in the face of contrary appellate decisions, and its concomitant effect on future prosecutions against thp individual act of Mr. Wilmot with its potential ramifications. A central, guiding principle since our Nation’s birth is that the ultimate injustice to be ever guarded against is governmental injustice. While we cannot and do not countenance disruption in our courts, we must, on balance, conclude that the abuse of prosecutorial discretion, favoring government at the expense of individual freedoms, is by far the greater disruption of the ends of justice.
Motion to dismiss in the interest of justice is granted. •

 The Legislature has recognized this problem. Effective September 1, 1980, CPL 170.55 as amended will no longer mandate restoration upon motion of the District Attorney. Rather, restoration shall be discretionary with the court upon a determination that dismissal would not be in furtherance of justice. (L 1980, ch 24.)