■ ˙HORIZON BANK, N. A., Appellant, v HERMAN W. SIGRIST

et al., Defendants, and ROY ROSSIGNOL, Respondent.

Supreme Court denied plaintiff's motion for summary judgment and granted to defendant, who constructed the house, an equitable lien on the property to the extent of the value of the house. The court cited no authority for granting equitable relief under the circumstances. The discretion possessed by a court of equity must not be exercised arbitrarily, but rather in accordance with the fixed principles and precedent of equity jurisprudence (55 NY Jur 2d, Equity, § 6; *Morris v Morris,* 138 Misc 682, *affd* 234 App Div 187, *affd* 260 NY 650). There is no principle of equity jurisprudence that would aid defendant. The difficulty defendant finds himself in is self-imposed. The premature construction "was the result of his own negligence and carelessness, and the fault of no one else" *(Mitchell v Bridgman, supra,* 71 Minn, at 361, 74 NW, at 142). Defendant erected the house at his own peril. The recorded mortgage gave him full notice "that whatever permanent structures, or even fixtures, he put upon the land * * * would pass to the mortgagee unless the premises were redeemed" *(Preston v Briggs,* 16 Vt 124, 130)."Judged by the record, this seems to be a hard case, and that there ought to be some relief for the defendant; but upon the facts * * * and the settled rules of law, there is none" *(Mitchell v Bridgman, supra,* 71 Minn, at 362, 74 NW, at 142). " 'While it may be a hardship to the [defendant] to deny his right [to a lien on the property superior to the lien of the mortgagee], we cannot see our way clear to come to any other conclusion consistent with the recognized rules of law' " *(Kinnear v Scenic Rys. Co.,* 223

Pa 390, 401, 72 A 808, 811). (Appeal from Order of Supreme Court, Seneca County, Falvey, J.; DePasquale, J., Memorandum—Summary Judgment.) Present—Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.