■ LAMPARELLI CONSTRUCTION CO., INC., Plaintiff, v BERKLEY SQUARE OF HAMBURG, INC., et al., Defendants. (Action No. 1.) TOM GREENAUER DEVELOPMENT, INC., Appellant, v BERKLEY SQUARE OF HAMBURG, INC., et al., Defendants, and EDWARD BUKOWSKI et al., Respondents. (Action No. 2.) (Appeal No. 1.) [802 NYS2d 821]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 29, 2003. The order denied the motion of plaintiff Tom Greenauer Development, Inc. for summary judgment in action No. 2 against defendants Edward Bukowski and Anne Marie Bukowski and granted the cross motion of those defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise out of two actions involving the development of Berkley Square, a real estate subdivision owned by Berkley Square of Hamburg, Inc. (Berkley), a defendant in both actions. Berkley contracted with Tom Greenauer Development, Inc. (Greenauer), a defendant in action No. 1 and the plaintiff in action No. 2, to perform site work at Berkley Square. To secure repayment of its obligation to Greenauer, Berkley Square executed and delivered a mortgage, which thereafter was twice amended, to Greenauer. Berkley contracted with Lamparelli Construction Co., Inc. (Lamparelli), the plaintiff in action No. 1 and a defendant in action No. 2, for the construction of a four-unit townhouse at Berkley Square. Edward Bukowski and Anne Marie Bukowski, defendants in action No. 2, purchased a lot from Berkley and constructed a

home within the subdivision. Lamparelli commenced action No. 1 seeking, inter alia, a release from the lien of the Greenauer mortgages with respect to the sublots upon which it constructed the townhouse, and seeking foreclosure of its mechanic's lien with respect to those sublots. Greenauer commenced action No. 2 seeking foreclosure of its mortgages.

We conclude in appeal No. 1 that Supreme Court properly denied Greenauer's motion for summary judgment in action No. 2 against the Bukowskis and granted the cross motion of the Bukowskis for summary judgment directing Greenauer to accept their payment of $24,000 and, upon receipt of that payment, to release its mortgage lien on the premises purchased by the Bukowskis. The record supports the court's determination that the Bukowskis made a reasonable effort to obtain a release from the mortgage lien pursuant to the agreement between Greenauer and Berkley (*see Rosenberg v General Realty Serv.*, 231 App Div 259, 260-261 [1931]; *cf. Horizon Bank v Sigrist*, 179 AD2d 1020, 1021 [1992]), and thus they are entitled to equitable relief to prevent the forfeiture of their substantial expenditures on their home (*see generally J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399-400 [1977]).

We conclude in appeal No. 2 that the court properly denied the motion of Greenauer seeking summary judgment dismissing the complaint against it in action No. 1 and seeking judgment against Lamparelli in action No. 2. Although Greenauer submitted proof that its mortgage is entitled to priority over the mechanic's lien of Lamparelli (*see W.L. Dev. Corp. v Trifort Realty*, 44 NY2d 489, 499 [1978]), Lamparelli raised triable issues of fact with respect to its entitlement to a release of Greenauer's mortgage lien (*see generally* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.