Albert A. Rubik, J.
This is a ease of first impression.
On September 7, 1971, at l.:15 a.m. the defendant, 16 years of age, received two summonses for alleged violations committed Avithin the Incorporated Village of Rockville Centre, both returnable in the Village Court of Rockville Centre. On the one, the charge was that the defendant was traveling 55 miles an hour in a 30-mile zone, in violation of section 1180 of the Vehicle and Traffic Law. On the second, the defendant was charged with a violation of section 501 of the Vehicle and Traffic Law in that he did not have a license.
After entering a plea of not guilty, defendant’s counsel stated that on the date set for trial, when a District Attorney would be present in court, he intended to make a motion under CPL 170.55 for “ an adjournment in contemplation of dismissal ”. On the trial date, with the District Attorney present, counsel so moved. The matter was argued and both sides submitted memorandums.
*699 CPL 170.55 which went into effect on September 1, 1971, provides that:
“Upon or after arraignment in a local criminal court upon an information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court’s own motion with the consent of both the people and the defendant, order that the action be ‘ adjourned in contemplation of dismissal, ’ as prescribed in subdivision two.” and subdivision 2 reads:
“ An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months after the issuance of such order, the court must restore the case to the calendar and the action must thereupon proceed. If the case is not so restored within such six months period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.” and CPL 100.10 (subd. 2) defines a simplified traffic information as:
“ A ‘ simplified traffic information ’ is a written accusation by a police officer, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges. ’ ’
CPL 170.55 is new. It has not yet been subjected to judicial determination. Its language makes it clear that the Legislature in enacting this section contemplated the possibility of its application to a situation of this kind, for traffic informations are specifically mentioned in the section itself. Commentaries on the section and its legislative history do not indicate why the Legislature included “traffic informations” in CPL 170.55. *700 Curiously enough, the CPL as originally drafted by the commission did not include “traffic informations ” in the section in question. However, it was included in the final proposal as passed by the Legislature without any explanatory memorandum, insofar as it could be discovered.
While, therefore, the court has the power to apply the section to traffic informations, the pivotal inquiry is whether to do so would be a proper exercise of judicial discretion.
It would appear that the prosecuting officials have an important role to play if the section were to operate in a manner consistent with the legislative intent. The fact would be that the charge would still remain for a period of some six months. If in that time no action were taken, it would be dismissed. This places an obvious burden on the prosecutor and a conscientious regard for the discharge of his duties would require that he have the means by which to ascertain whether the matter should be prosecuted or dropped. The village has no Probation Department and must rely on the good will and co-operation of the Nassau County Probation Department. It has ofttimes been brought to the attention of this court that the Nassau County Probation Department is overwhelmed with cases of a serious nature, and that they could not possibly function if they had to investigate simplified traffic informations. As indicated, if the motion were granted by the court there would be an automatic dismissal within six months’ time, unless a motion were made by the District Attorney’s office to restore the case to the calendar. Before the District Attorney could make such a motion it would be necessary that he had on hand information that would warrant the taking of such action. There is no practical means by which such information could be collected without a Probation Department report.
It is apparent from his written memorandum that because of the lack of probationary facilities, the District Attorney has neither opposed nor consented to the motion. Bather, he has left the matter to the discretion of the court. The section itself requires the consent of all “ parties ” to the case. It may be validly questioned as to whether the court’s discretion could be exercised so as to grant the motion in the absence of a specific consent on the part of the People. However, such a determination is not necessary in view of the court’s determination that the lack of probationary facilities would render it inappropriate to grant the motion.
It would appear that although the Legislature has enacted a possible remedy, they have provided no practical way of imple *701 menting it. To grant the relief requested by defense counsel in this matter would establish a bad precedent and open a veritable Pandora’s box of similar or identical requested relief from other youthful defendants.
Perhaps a situation may arise before this court which would warrant the granting of a motion to adjourn in contemplation of dismissal where a simplified traffic information is involved. However, this is not the case.
No mention was made as to why an allegedly unlicensed 16-year-old hoy was allegedly driving a car at 1:15 in the morning at 55 miles an hour in a 30-mile zone. The motion is denied.