Ralph Diamond, J.
This is a motion by defendant for an order granting his application for an adjournment in contemplation of dismissal pursuant to CPL 170.55. This motion requires the court to decide whether a prosecutor, once having determined to consent to an adjournment in contemplation of dismissal, conditions that consent upon the defendant’s release of his civil claim against the county and certain of its police officers.
The defendant was charged with violations of section 195.05 of the Penal Law (obstructing governmental administration) and a violation of section 205.30 of the Penal Law (resisting arrest). The defendant pleaded not guilty at his arraignment on October 15, 1973. On November 15, 1973, a pretrial confer *369 ence was held and the question of adjournment in contemplation of dismissal was discussed without any final disposition reached. The matter came before me in the trial part on March 12, 1974, and adjourned for trial to March 14, 1974.
On December 20, 1973, a notice of claim by the defendant was served upon the County of Nassau for damages arising out of the subject matter of the herein criminal charges brought against the defendant.
On March 14, 1974, in my chambers a preliminary discussion was had regarding the commencement of the trial, when Francis Quigley, Jr., the Assistant District Attorney, who was going to conduct the trial, offered an adjournment in contemplation of dismissal to Robert Shulman, the attorney for the defendant. Mr. Shulman indicated that it was acceptable. I then advised both parties that I would take the disposition in open court. As the District Attorney and defense counsel were leaving my chambers an argument arose between them regarding a release from the defendant.
In open court the defendant’s attorney requested that the adjournment in contemplation of dismissal be granted. He further stated that said adjournment should be granted unconditionally. The District Attorney stated, "I can’t consent to an A.C.O.D. under these conditions.” This court at that time did not grant an A.C.O.D.
The defendant then sought relief in the Supreme Court, Nassau County, in an article 78 proceeding. In a decision, dated April 9, 1974, Justice Alexander Berman denied defendant’s request for an A.C.O.D. After granting reargument, Justice Berman adhered to his original decision. However, he granted the defendant the right to raise this issue in the District Court. This decision was affirmed, without opinion by the Appellate Division, Second Department, in an order dated September 6, 1974 (45 AD2d 991; 45 AD2d 993). Defendant’s leave to appeal to the Court of Appeals was denied in a decision dated December 20, 1974 (35 NY2d 646).
The District Attorney argues that the official duty of determining whether, when and whom to prosecute resides solely in the District Attorney and the Attorney-General (citing Matter of Hassan v Magistrates’ Court of City of New York, 20 Misc 2d 509; Matter of Johnson v Boldman, 24 Misc 2d 592; Matter of Prentice v Gulotta 13 Misc 2d 280).
The People further argue that it is the legitimate concern of all public officials to avoid embroiling the governmental subdi *370 visions they represent in unfounded and vexatious litigation. They point out that in the case of an A.C.O.D., the People require that an accused show good faith by not suing the County of Nassau. They contend that this is equitable since by discontinuing the prosecution, the People deprive the County of Nassau of a perfect defense against claims of false arrest and the like.
The court finds no merit in the People’s argument. This court does not dispute the fact that the law in New York State is well settled that the District Attorney has the sole authority in determining who is or is not to be prosecuted and further it is traditional that the judiciary has refused to interfere with the exercise of judgment by the District Attorney. (Matter of Hassan v Magistrates’ Court (supra); Matter of McDonald v Sobel, 272 App Div 455, affd 297 NY 679.) However, that is not the issue in this case.
The basic issue is whether the People, having legitimately determined not to prosecute by consenting to an A.C.O.D., may reverse its position solely because defendant refused to abide with the District Attorney’s condition that the defendant release his civil right to sue the County of Nassau.
Our courts have often reviewed the right of a District Attorney to condition his consent on entry of a guilty plea. (People v Chaney, 25 NY2d 966; People v White, 32 NY2d 393.) Recently our Court of Appeals (in People v Blakley, 34 NY2d 311, in an opinion written by Judge Rabin) stated; "This appeal requires us to decide whether a prosecutor may condition an offer to recommend a reduced plea upon the defendant’s withdrawal of his claim that his right to a speedy trial has been violated. We conclude that the nature of the speedy trial guarantee renders such a condition inherently coercive in a plea bargaining situation and that the plea so conditioned must be vacated.”
The case before us involves a condition set forth by the prosecutor but differs from the usual case in that it involves an A.C.O.D. rather than a reduced plea, and further that the defendant refused to grant the condition instead of accepting it and then appealing. The court finds that an A.C.O.D. as practiced in our courts is merely another category in what is commonly referred to as "plea bargaining.” The court further finds that in view of defendant’s refusal to grant the condition of the prosecutor, it is acting as a court of original jurisdiction and therefore does have the authority to act in this matter.
*371 CPL 170.55 provides as follows:
"1. Upon or after arraignment in a local criminal court upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court’s own motion with the consent of both the people and the defendant, order that the action be 'adjourned in contemplation of dismissal,’ as prescribed in subdivision two.
2. An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months after the issuance of such order, the court must restore the case to the calendar and the action must thereupon proceed. If the case is not so restored within such six months period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.”
The statute makes the District Attorney’s consent mandatory before the court can grant a defendant an A.C.O.D. Many legitimate matters may be reviewed by the District Attorney in his determination as to whether to consent to an A.C.O.D. The nature of the charges, the chances of successful prosecution, the criminal record of the defendant, the nature of calendar congestion are but some of the factors that a prosecutor may properly review before reaching a determination. Furthermore, he need not explain or justify the basis of his conclusion, nor should a court inquire into his reasons for reaching his conclusion.
The first question the court has to determine is whether the prosecutor had determined to consent to an A.C.O.D. The court finds that the prosecutor had originally given his consent. As a matter of fact, the prosecutor does not deny that he originally consented and instead justifies his later withdrawal of the consent by setting forth in his affirmation in opposition dated February 3, 1975, "that it is the legitimate concern of all public officials to avoid embroiling the governmental subdivisions they represent in unfounded and vexatious litigation.”
The next question the court must determine is whether one *372 having given the consent can a prosecutor withdraw his consent solely on the basis that the defendant refused to abide by the prosecutor’s condition, to wit: That the defendant release his civil right to sue the County of Nassau.
The condition set forth by the prosecutor seeks to have the defendant relinquish his constitutional right to petition the government for a redress of grievances. A civil suit against the county is one form of petition for redress. Contrary to the prosecutor’s contention that he has a duty to protect the county and the police against unjust claims, it is the finding of this court that he may not prosecute for the purpose of deterring citizens from exercising their right to protest official misconduct and petition for redress of grievances.
Having determined that the defendant is worthy of an A.C.O.D., the prosecutor may not condition his consent upon defendant’s release of his constitutional rights. The court finds this to be an unreasonable condition amounting to undue pressure and an act of coercion and duress. (People v White, 32 NY2d 393; People v Blakley, 34 NY2d 311; People v Esajerre, 35 NY2d 463.)
We are in full accord with Chief Judge Bazelon’s decision in Dixon v District of Columbia (394 F2d 966, 968) where he stated: "Of course prosecutors have broad discretion to press or drop charges. But there are limits. If, for example, the Government had legitimately determined not to prosecute appellant and had then reversed its position solely because he filed a complaint, this would clearly violate the first amendment. The Government may not prosecute for the purpose of deterring people from exercising their right to protest official misconduct and petition for redress of grievances. Moreover, a prosecution under such circumstances would be barred by the equal protection clause, since the Government employs an impermissible classification when it punishes those who complain against police misconduct and excuses those who do not.”
The practice of a prosecutor demanding releases of defendant’s claims against the government and police officers in exchange for his consent to an A.C.O.D. must be discouraged. The problem with this practice is that a prosecutor’s discretion as to whether or not to prosecute is unduly influenced by a desire to protect and exonerate the arresting officer from civil liability. Furthermore, these agreements conditioned upon defendant’s release of his civil rights, tend to suppress *373 complaints against police misconduct due to defendants anxiety to dispose of the criminal charge pending against him. In a free society these alleged charges against police misconduct should be thoroughly litigated in a civil court of law for the benefit of the police officer whose reputation may have been damaged as well as for the protection of the defendant who may have a legitimate action for damages resulting from police misconduct.
The court points out that it finds nothing wrong with a defendant voluntarily and intelligently offering a release of his possible civil remedies during plea bargaining negotiations and at the time of disposition in open court. The evil arises when a prosecutor has determined that a defendant is worthy of an A.C.O.D. or other type of plea bargain and conditions it upon a release by the defendant forfeiting his constitutional right to seek redress.
In conclusion, the court finds the following: That the prosecutor did originally consent to the defendant’s application for an A.C.O.D., pursuant to CPL 170.55; that he then withdrew that consent solely because the defendant refused to agree to release the county and the police from any civil liability; that the prosecutor’s condition was unreasonable amounting to undue pressure and an act of coercion and duress; that the prosecutor’s demanded condition required the defendant to forfeit his civil right under the First and Fourteenth Amendments of the United States Constitution.
For the reasons stated above and based upon the herein facts, the defendant’s motion is hereby granted and it is ordered that this action be adjourned in contemplation of dismissal as prescribed in CPL 170.55 (subd 2).