■ In the Matter of MARY D. STREISFELD, Appellant, v CARL A. VERGARI, as District Attorney of Westchester County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit respondents from proceeding further with the prosecution of a criminal action against petitioner, the appeal is from a judgment of the Supreme Court, Westchester County, dated December 6, 1978, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. It is settled law that " 'The extraordinary remedy * * * of prohibition * * * lies only where there is a clear legal right, and * * * only when a court (if a court is involved) acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction' " *(Matter of Steingut v Gold,* 42 NY2d 311, 315; *Matter of State of New York v King,* 36 NY2d 59, 62). "The

writ does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be, in a pending criminal proceeding, but only where the very jurisdiction and power of the court are in issue" *(Matter of Steingut v Gold, supra,* p 315). The only arguable jurisdictional issue raised by petitioner concerns the sufficiency of the information charging her with petit larceny (Penal Law, § 155.25). It is contended that the information is inadequate because it fails to allege an intent to steal. However, an inference of intent can readily be drawn from the allegation therein that petitioner "did knowingly and unlawfully steal property" consisting of "a pair of women's jeans with a total value of $23.00 and exited the store without paying for them." Petitioner's principal argument, that the District Attorney has improperly conditioned consent to an adjournment in contemplation of dismissal (CPL 170.55) on petitioner's waiver of her statutory right to the return of her fingerprints (CPL 160.50), is not properly raised in this CPLR article 78 proceeding. Petitioner's reliance on *People v Siragusa* (81 Misc 2d 368) is misplaced. *Siragusa* involved a motion by defendant, in the Nassau County District Court, for an adjournment in contemplation of dismissal. Indeed, the defendant in *Siragusa* had, prior to his success in the District Court, failed to secure an adjournment in contemplation of dismissal by means of an article 78 proceeding and this court had affirmed *(Siragusa v Cahn,* 45 AD2d 991, 993, mot for lv to app den 35 NY2d 646). Furthermore, the prosecutor in *Siragusa* had withdrawn his original consent to an adjournment in contemplation of dismissal. It is not clear, in the instant case, whether the District Attorney's "offer" amounted to a "consent" conditioned only upon petitioner's waiver; nor would it matter in the posture of the instant appeal, since prohibition does not lie in any event. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.