OPINION OF THE COURT
Milton M. Haven, J.
The defendant is charged with a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. The simplified traffic information, issued by Officers Wolfe and Richard A. Henebery, alleged that on the 8th day of May, 1979, at 2:15 p.m. the defendant operated a 1979 Chevrolet automobile on Route 44-55 westbound in the City of Poughkeepsie at a speed of 42 miles per hour in a 30 mile-per-hour zone.
The defendant entered a plea of not guilty. Officer Wolfe, on *586 behalf of the People, made a motion under CPL 170.55 (subd 1) for "an adjournment in contemplation of dismissal” (ACD). The defendant and his attorney joined in the motion.
The court is aware of People v Glaubman (68 Misc 2d 698), which declined to grant an ACD for a traffic violation. The Judge in his opinion, by way of dicta, discussed his thinking for refusing to entertain such a motion. This court finds his reasoning unpersuasive and declines to follow it or the decision reached.
CPL 170.55 (subd 1), effective September 1, 1971, and amended effective September 1, 1972, provides as follows: "Upon or after arraignment in a local criminal court upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of both the people and the defendant, order that the action be 'adjourned in contemplation of dismissal,’ as prescribed in subdivision two.”
Although the phrase "simplified traffic information” is not specifically mentioned in the section, the amendment substituted "simplified information” in its place. CPL 1.20 (subd 5) makes this undeniably clear when it states that, " 'Simplified information’ means a simplified traffic information, simplified parks information, or a simplified environmental conservation information.”
Accordingly, there is no question but that CPL 170.55 (subd 1) clearly applies to simplified traffic informations. The court in the Glaubman (68 Misc 2d 698, supra) case reluctantly accepts this conclusion, but denies that it has the discretion to grant the motion for an ACD because of the lack of probationary facilities.
In arriving at a decision opposite to the Glaubman case, this court finds no lead in reviewing the history and background of CPL 170.55. It must resort, therefore, to statutory construction, and in doing so ascertain and give effect to the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92.)
The real question in the Glaubman decision is whether the court had any discretion at all in denying the motion regardless of reason. The answer lies in the meaning of the word "may” as used in the section. The fundamental question before this court is, therefore, whether the term "may” in the statute is mandatory or directive. The answer must be deter *587 mined from the entire act and the surrounding circumstances, with the results that would follow either conclusion kept in mind. (People ex rel. McEvoy v Duffey, 104 Misc 35; People v Karr, 240 NY 348.)
Subdivision b of section 177 of Statutes (McKinney’s Cons Laws of NY, Book 1) gives a good basis for an answer in its provision that, "A permissive word may be interpreted as peremptory in order to avoid an unreasonable construction of a procedural rule and to prevent the doing of a futile act.”
It thus becomes this court’s opinion that the word "may” as used in the statute should be interpreted to mean "must”. It is true that the word "may” in the field of statutory interpretation is sometimes held to mean "must”, as imposing an obligation. However, in every other usage "may” has only a permissive or discretionary connotation. (56 NY Jur, Statutes, § 17, pp 514, 515.)
It becomes further essential in fulfilling the intent and purpose of the statute to place the construction of "must” upon the work "may”.
We find that "Eligibility for an adjournment in contemplation of dismissal under CPL 170.55 is not a vested right as it is always conditioned upon a consent to by the People”. (People v McDonnell, 83 Misc 2d 907, 910.) Thus, if the People refuse to agree to an adjournment in contemplation of dismissal, there is nothing the court can do about it. (People v Stern, 83 Misc 2d 935.) It was forcefully stated in People v Siragusa (81 Misc 2d 368, 371), that, "The statute makes the District Attorney’s consent mandatory before the court can grant the defendant an A.C.O.D.”
In this case, the defendant joined in the motion, but to put it even more completely, if the People move to adjourn the action in contemplation of dismissal even without the consent of the defendant, the court lacks the discretionary authority to deny the order. The court’s authority for granting or denying an ACD is dependent upon the action of the prosecutor. The court lacks independent discretion in granting or denying an adjournment in contemplation of dismissal.
In the Siragusa case (supra), the court held on page 370, "the law in New York State is well settled that the District Attorney has the sole authority in determining who is or is not to be prosecuted and further it is traditional that the judiciary has refused to interfere with the exercise of judgment by the District Attorney. (Matter of Hassan v Magis *588 trates’ Court (supra); Matter of McDonald v Sobel, 272 App Div 455, affd 297 NY 679.)” People v O’Neill (85 Misc 2d 130).
Since the power to criminally charge and to control the same rests in the prosecutor, it lies within his province to chart the course of a prosecution. The courts have no control over the discretion exercised by the prosecutor and they have no authority to mandate a District Attorney to perform or not to perform his discretionary functions.
Since the courts may neither bypass nor usurp the District Attorney’s authority, it clearly follows that should the District Attorney choose and especially with the added consent of the defendant to an ACD, the court cannot in its discretion refuse to comply with his wishes.
In the case at bar, the prosecutor moved with the consent of the defendant to adjourn this case in contemplation of dismissal. For the reasons stated herein, the court grants the motion of the prosecutor.