OPINION OF THE COURT
Vincent E. Doyle, J.
The facts are not in dispute. The petitioner sent the notice of motion and the petition to the respondents by certified mail on July 23, 1982. No order to show cause permitting such service has been issued in the proceeding.
The respondents have moved to dismiss the petition upon the ground that this court lacks jurisdiction because the petitioner’s papers were not properly served pursuant to CPLR 403 (subd [c]). The petitioner opposes this motion contending that he, as a citizen, has the right to petition the government for redress of grievances under section 9 of article I of the New York State Constitution; and insofar as the CPLR limits the way in which he can institute this proceeding, it abridges his constitutional right to petition.
The right to assemble peaceably and the right to petition for redress of grievances are among the most precious of the liberties safeguarded by our New York State Constitution. These rights are intimately connected both in origin and in purpose with the rights of free speech and press.
*265 The scope of the right to petition, however, has never been fully explored by the courts. A “petition” is defined as “[a] written address, embodying an application or prayer from the person or persons preferring it, to the power, body or person to whom it is presented, for the exercise of his or their authority in the redress of some wrong, or the grant of some favor, privilege, or license”. (Black’s Law Dictionary [rev 4th ed]). The right to petition, therefore, includes the freedom to ask, demand, or call upon one’s government to act, or to change its policy or law. It does not insure, as a court order following a lawsuit would, that the government will respond as a citizen desires, or for that matter, will respond at all.
Even assuming a civil suit against the State is a form of petition (see People v Siragusa, 81 Misc 2d 368), the right to petition is not absolute. Whenever the rights of assembly, petition, free speech and press are involved, an examination must be made into the degree which the State law interferes with these liberty interests, the strength of the governmental interest justifying the interference and the means chosen to prevent the asserted evil (see Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597).
CPLR 403 (subd [c]) requires that a notice of petition be served in the same manner as a summons. CPLR 307, in turn, requires that a summons be delivered in person to an Assistant Attorney-General at an office of the Attorney-General or to the Attorney-General within the State in order to effect service upon the State. While such a rule may be said to regulate the right of a citizen to institute a lawsuit against the State, the regulation is minimal in comparison to the important governmental interest which is protected. The exercise of a court’s jurisdiction “always requires homage to the Due Process clause, the principal constitutional restraint on potential excesses of state judicial power.” (Siegel, New York Practice, § 58.) The three traditional mandates of the due process clause are: (1) notice, (2) opportunity to be heard, and (3) jurisdictional basis. The Legislature, by enacting CPLR 403 (subd [c]) intended to protect the right of the State as a respondent to due process. CPLR 4.03 (subd [c]) effectively insures that *266 the State, through its counsel, is notified of lawsuits brought against it.
This rule, therefore, cannot be said to infringe unconstitutionally upon the petitioner’s right to petition.
The sending of a petition by certified mail is insufficient to effect service and consequently, this court does not have jurisdiction over the respondents (Matter of Harlem Riv. Consumers Co-op. v State Tax Comm., 37 NY2d 877).
Accordingly, the petition is dismissed without prejudice to the re-serving of the petition in accordance with CPLR 403 (subd [c]).