OPINION OF THE COURT
Christine A. Sproat, J.
*989 Ordered that: (1) the Dutchess County District Attorney’s motion to intervene is granted, there being no opposition, and (2) petitioners’ motion is denied and the petition is dismissed.
In the instant CPLR article 78 proceeding, petitioners seek to compel respondent Roland R. Page, Town Justice of the Town of Red Hook, to grant unconditional adjournments in contemplation of dismissal which had been offered by the Dutchess County District Attorney’s Office.
Initially, the court notes that this proceeding is rendered moot with respect to petitioners Jennifer Korthos, Zachary Dunham, Kristia W Castrillo, Nick Kapustinsky, and Anubhav Tibrewal, it being undisputed that said petitioners have accepted adjournments in contemplation of dismissal with imposed conditions. (See, affirmation of Albert R. Trezza, Esq. 1i 5; reply affidavit of Roland R. Page 114.) Petitioners Freya Powell and Thalia Forbes’ cases in the Town of Red Hook Court have not been adjourned in contemplation of dismissal and said petitioners contend that their cases must be adjourned in contemplation of dismissal without imposed conditions. Petitioners argue that the Dutchess County District Attorney’s Office consented to an adjournment in contemplation of dismissal without any imposed conditions but that Judge Page refused to consent to such disposition. According to the petitioners, “an adjournment in contemplation of dismissal requested by the prosecution must be granted by the Court and is not a matter for the Court’s independent discretion.” (Petition If 8.) Respondents contend that the court may grant the adjournment in contemplation of dismissal if it deems it appropriate but the court is under no obligation to do so. Respondents argue that, by statute, the court possesses the independent discretion to refuse to consent to an adjournment in contemplation of dismissal.
It is undisputed that the applicable statute is Criminal Procedure Law § 170.55. (See, petitioners’ mem of law at 12-14; affirmation of Albert R. Trezza, Esq. 111111-18; affirmation of Edward T. McLoughlin, Esq. at 6-9.) Criminal Procedure Law § 170.55 (1) provides as follows:
“Upon or after arraignment in a local criminal court upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or *990 upon the court’s own motion with the consent of both the people and the defendant, order that the action be ‘adjourned in contemplation of dismissal.’ ”
The statute specifically states that the court “may” order that the action be adjourned in contemplation of dismissal. Nevertheless, despite the plain language of the statute, petitioners contend that in this instance the word “may” actually means “must” and “should be interpreted as mandatory.” (Affirmation of Greg D. Lubow, Esq. 1111.) In support of their claim, petitioners cite People v Ruggieri (100 Misc 2d 585 [Poughkeepsie City Ct 1979]) and other trial level decisions, none of which are binding authority with respect to this court. However, this State’s highest court, the Court of Appeals, has specifically stated that an adjournment in contemplation of dismissal is “a disposition that requires the consent of the prosecutor, the accused and the court.” (Smith-Hunter v Harvey, 95 NY2d 191, 197 [2000] [emphasis added], citing GPL 170.55 [1].) Further, in Hollender v Trump Vil. Coop. (58 NY2d 420, 424 [1983]), our State’s highest court discussed the very statute at issue as follows:
“[Criminal Procedure Law § ] 170.55 provides a less structured means of disposing of relatively minor charges on a ‘non-merits adjudicatory basis’ (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.55, p 91; cf. People v Rickert, 58 NY2d 122). Provided that the defendant, the prosecutor and the court agree, this procedural path makes it possible for such charges . . . to be kept in a state of suspense for a period of six months, during which the subject’s habitual behavior pattern can be tested by time.” (Emphasis added.)
Based upon the express language of Criminal Procedure Law § 170.55 and the explicit holdings of our State’s highest court, it is clear that a judge has the discretion to grant or withhold his or her consent to a proposed adjournment in contemplation of dismissal. Accordingly, the petitioners’ motion must be denied and the petition is dismissed.