■ MICHAEL KABNICK, Respondent, v ROSEMARY B. O'MALLEY, Appellant, et al., Defendants.—In an action to recover damages for conversion, malicious prosecution and abuse of process, defendant O'Malley appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated April 27, 1976, as denied the branches of her motion which sought dismissal of the second and third causes of action of the complaint on the ground of general release, and of the second cause of action on the ground that it failed to state a cause of action. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the second and third causes of action of the complaint are dismissed. In his complaint against appellant, plaintiff-respondent set forth three causes of action, based upon conversion, malicious prosecution and abuse of process, respectively. The latter two causes of action were based upon the fact that appellant had brought criminal charges of harassment, aggravated assault and assault against plaintiff which led to his arrest. At the commencement of plaintiff's trial on these criminal charges, the parties entered into an agreement whereby appellant withdrew all criminal charges against plaintiff and plaintiff released her, in writing, from all liability resulting from his arrest and confinement. Plaintiff was thereupon released from custody. In support of her motion to dismiss the causes of action alleging malicious prosecution and abuse of process, appellant submitted an excerpt from an examination before trial of plaintiff which clearly indicated that plaintiff signed the releases on his own volition, upon the advice of his counsel and with the consent of the District Attorney. In addition, appellant argued that a cause of action for malicious prosecution does not lie where a criminal action is terminated by agreement of the parties. In opposition to the

motion, plaintiff deposed that he signed the releases under coercion in that he did not want to endure the publicity and disgrace of a public trial or incur excessive legal fees. The Special Term denied the branch of appellant's motion which sought dismissal of the second and third causes of action on the ground that a question of fact was raised as to whether the releases had been voluntarily executed. The Special Term also denied the branch of the motion which sought dismissal of the second cause of action on the ground that a question existed as to whether the withdrawal of the criminal charges was a "settled" disposition. In our view, the branches of appellant's motion which sought dismissal of the second and third causes of action should have been granted. While plaintiff alleged that he was coerced into signing the releases, that conclusory statement is unsupported by any facts in the record and is completely belied by the examination before trial of the plaintiff, which indicates that he signed the releases voluntarily and with the assistance of counsel. With regard to the second cause of action, it is well settled that where a criminal proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, a malicious prosecution action may not be based thereon *(Zebrowski v Bobinski,* 278 NY 332; *Follender v Merl,* 242 App Div 650). That principle is directly applicable to the facts at bar. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ. concur.