Michael Dziuma et al., Appellants, v E. J. Korvettes, a Division of Arlen Realty & Development Corporation, Respondent.

First Department, April 4, 1978

## APPEARANCES OF COUNSEL

*Stephen Norman Weiss* of counsel *(Weiss Pesce & Campise,* attorneys), for appellants.

*Howard R. Cohen* of counsel *(Bower & Gardner,* attorneys), for respondent.

## OPINION OF THE COURT

Fein, J.

Plaintiffs appeal from an order which granted defendant's motion to amend its answer to assert waiver and release as

affirmative defenses and upon such answer granted defendant summary judgment dismissing the complaint.

This action is brought to recover damages for "false arrest, false imprisonment and defamation" of plaintiff Michael Dziuma (Dziuma). On August 21, 1975, Dziuma was charged with shoplifting a pair of shoes while in one of defendant Korvettes' department stores. Despite plaintiff's assertion that he had purchased the pair of shoes earlier in the day and had the receipt at home, he was arrested and petit larceny charges were filed (Penal Law, § 155.25).

Upon hearing subsequently held in Bronx Criminal Court, plaintiff, represented by counsel, appeared and exhibited to the Assistant District Attorney, the court and the complainant a receipt from Korvettes representing a purchase in the same amount as charged in the criminal complaint. The Assistant District Attorney thereupon moved to dismiss the criminal charge, stating, "Your Honor, the People would move to have the charges against this defendant dismissed, at this time, in the interests of Justice. * * * There seems to be a bit of confusion as to whether or not the Defendant did, in fact, commit the alleged crime. He is an employee of the City, and Your Honor, the People would move to have this case dismissed." Whereupon the court, *sua sponte*, conditioned dismissal on plaintiff's agreeing to waive any rights he would otherwise have to proceed against the complainant, Korvettes, the City of New York and its Police Department. When Dziuma and his counsel agreed to the condition, the court granted the People's motion to dismiss.

Two months after dismissal of the criminal complaint, this action was commenced. Defendant asserts that plaintiff agreed to the conditional dismissal of the criminal charge, thereby waiving any rights which he would otherwise have to proceed against Korvettes. Special Term held that Dziuma's agreement to the condition imposed by the court was binding upon him and precluded any subsequent civil action for damages for false arrest, rejecting plaintiff's claim that his agreement, procured under duress, was unenforceable.

No controlling authority has been cited or found. *People v Blakley* (34 NY2d 311) held unenforceable a condition imposed by the prosecution, recommending a reduced plea in return for defendant's withdrawal of his assertion that his right to a speedy trial had been violated. It was concluded (p 313) that

the very nature of the speedy trial guarantee rendered the "condition inherently coercive in a plea bargaining situation." Unlike *Blakley,* we are not concerned here with the propriety of a plea bargain, nor with the deprivation of a defendant's constitutional right to a speedy trial. *People v Siragusa* (81 Misc 2d 368) held that the prosecutor, having determined not to prosecute, may not impose as a condition to an adjournment in contemplation of dismissal (A.C.O.D.) a requirement that defendant agree to release the county and the police from civil liability. The prosecutor was not permitted to withdraw consent to an A.C.O.D. previously given because thereafter defendant would not agree to execute a release in favor of the county and the police.

Here, the prosecution did not seek to condition dismissal of the criminal proceeding. The Assistant District Attorney moved to dismiss the criminal charge on the merits and in the interests of justice. He indicated there was an insufficient case. He requested no plea bargain. The People having moved to dismiss, there was nothing to bargain about. However, the court, on its own, conditioned dismissal on Dziuma's concession to forego and relinquish his right, if any, to proceed by civil action against those responsible for his arrest. The imposition of such a condition under the facts and circumstances here presented, was "inherently coercive."

As the cited cases suggest, a defendant in a criminal action may knowingly, voluntarily and intelligently offer a release or relinquishment of civil remedies during plea bargaining negotiations. Although defendant in *Siragusa (supra)* refused to consent, it is clear that a defendant offered dismissal of a criminal charge upon his agreeing not to proceed with available civil remedies is likely to be hardpressed to deny the offer and to elect to proceed to trial. Agreements relinquishing fundamental civil or constitutional rights under such circumstances must be scrutinized with utmost care to determine whether the consent was freely and voluntarily given or was extracted under such circumstances as to abridge fundamental civil or constitutional rights. (See *Dixon v District of Columbia,* 394 F2d 966, 969.) Here, where the prosecutor had properly moved for dismissal on the merits on the basis of the available evidence before him the court, *sua sponte,* conditioned dismissal on release by plaintiff of his right to proceed by civil action against defendant. The condition was coercive and amounted to duress. It was unlawfully and improperly

imposed. The agreement thereby obtained to refrain from pursuit of available civil remedies was unenforceable.

Accordingly, the order of the Supreme Court, Bronx County (DI FEDE, J.), entered March 16, 1977, granting defendant's motion to amend its answer to allege waiver and release as affirmative defenses and for summary judgment thereon, should be reversed on the law, with costs, and defendant's motion to amend and for summary judgment should be denied.

BIRNS, J. P., SILVERMAN, EVANS and SANDLER, JJ., concur.

Order, Supreme Court, Bronx County, entered on March 16, 1977, unanimously reversed, on the law, and defendant's motion to amend and for summary judgment denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal.