OPINION OF THE COURT
Alan D. Marrus, J.
Is it in the furtherance of justice to dismiss the defendant’s criminal case, where the People previously moved to adjourn the case in contemplation of dismissal and the defendant consented, but now the People have moved to restore the case to the calendar for the sole reason that the defendant has commenced a civil lawsuit against the civilian complainant that filed the criminal charges? The court holds that dismissal of the charges would be in the furtherance of justice.
The defendant, Cicily Clark, a 48-year-old licensed practical nurse since 1971 who had been working as a private duty nurse at Columbia Presbyterian Hospital in Manhattan, was arrested on October 12, 1982 and arraigned on a desk appearance ticket two months later on charges of assault in the third degree, criminal trespass in the second degree and menacing. Although the facts of the incident are disputed, it appears that the defendant refused to show her employee identification card to a hospital security officer. An argument ensued and, according to the People, *675 the defendant was relieved of her duties by a nursing supervisor and ordered to leave the hospital. It is alleged that she refused, shouted obscenities, threw a telephone at a security officer, and kicked him in the leg. The defendant alleges that she was beaten up and taken unconscious to the emergency room at the hospital and remained in the hospital three days for treatment.
After a series of adjournments in the Criminal Court during which the defendant moved to dismiss the case in the interest of justice and the motion was denied, the People, on November 8, 1983, moved, pursuant to CPL 170.55, to adjourn the case in contemplation of dismissal and the defendant consented. Two months later, on January 17, 1984, the People moved to restore the case to the calendar. The defendant contests restoration arguing that it would not be in the furtherance of justice to do so.
The People have offered as their sole basis to restore the case for prosecution that the defendant has commenced a civil lawsuit against Columbia Presbyterian Hospital for the injuries she allegedly sustained during this incident: “It is unfair and certainly unjust that the hospital and the security guards, who, in doing their job became the victims of the defendant’s attack, should have to submit to the reality of present day tort law which forces many institutions, such as the hospital in this case, to settle on bogus claims rather than face costly litigation fees and risk liability in the amount of several million dollars.” (People’s mem in response to defendant’s motion, March 19, 1984, p 2.)
The defendant argues that the People were aware of a potential civil action and did not condition the adjournment in contemplation of dismissal (A.C.D.) on abandonment of the civil relief.
“An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice.” (CPL 170.55, subd 2.) The People’s consent is required. (CPL 170.55, subd 1.) Once having consented to an A.C.D., the People may, nevertheless, move to restore the case to the calendar within six months and “the court may restore the case to the calendar upon a *676 determination that dismissal of the accusatory instrument would not be in furtherance of justice”. (CPL 170.55, subd 2.)
Prior to amendment of the statute in 1980, the People had unfettered discretion to restore a case, previously adjourned in contemplation of dismissal, to the court’s calendar within six months. “The 1980 amendment removed the sword of Damocles from prosecutor’s hands and authorized a * * * court in its discretion to restore the case only upon a showing that dismissal would not be in furtherance of justice.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.55, p 91.)
In this court’s view, prosecutors should be given great leeway in such applications. The District Attorney is, after all, the sole authority in determining who should or should not be prosecuted, and the judiciary should not interfere with the exercise of that authority. (Matter of McDonald v Sobel, 272 App Div 455, affd 297 NY 679; Matter of Hassan v Magistrates’ Ct., 20 Misc 2d 509.) Courts should be wary of unduly interfering with the right of the District Attorney to apply for restoration of a case previously adjourned in contemplation of dismissal, since every decision to deny restoration undoubtedly is perceived by prosecutors as a good reason not to grant an A.C.D. in a subsequent case where it may be appropriate.
Thus, while the People do have some burden to meet in making this application it is not a heavy one. The court will grant the application to restore the case to the calendar if it is satisfied that the People have a legitimate reason for asking the court to do so.
Is it a legitimate reason to restore this case to the calendar that the defendant has now sued the complainant civilly for injuries she allegedly sustained during the incident which was the subject of the criminal prosecution? It is not under the circumstances of this case.
An A.C.D. is generally regarded as a neutral disposition; it is neither a conviction nor an acquittal. “Thus, in a subsequent civil litigation to which a finding of guilt or *677 innocence of the charge is germane, adjournment in contemplation of dismissal, by reason of its sui generis character, will leave the question unanswered” (Hollender v Trump Vil. Coop., 58 NY2d 420, 425). An A.C.D. does, however, act as a bar to a malicious prosecution action, since the burden is on “the one who brings the suit to [prove] that the criminal [action] terminated in favor of the accused” (Hollender v Trump Vil. Coop., supra, at p 423).
The A.C.D. in this case, therefore, does not aid the defendant in her civil lawsuit against the hospital. Indeed, it precludes her from suing the hospital for malicious prosecution.
There is a serious question, moreover, as to the right of the People to condition an adjournment in contemplation of dismissal upon agreement by the defendant to forego civil litigation. The defendant must of his own free will agree to give up the right to sue civilly: “[A] defendant in a criminal action may knowingly, voluntarily and intelligently offer a release or relinquishment of civil remedies during plea bargaining negotiations * * * [I]t is clear that a defendant offered dismissal of a criminal charge upon his agreeing not to proceed with available civil remedies is likely to be hardpressed to deny the offer and to elect to proceed to trial. Agreements relinquishing fundamental civil or constitutional rights under such circumstances must be scrutinized with utmost care to determine whether the consent was freely and voluntarily given or was extracted under such circumstances as to abridge fundamental civil or constitutional rights.” (Dziuma v Korvettes, 61 AD2d 677, 679.)
Several courts have found such agreements inherently coercive where the District Attorney has attempted to condition an A.C.D. upon abandonment of the right to sue civilly a police officer who made the arrest. (People v Wilmot, 104 Misc 2d 412; Matter of Kurlander v Davis, 103 Misc 2d 919; People v Siragusa, 81 Misc 2d 368.)
Federal courts, in particular, have condemned the practice of conditioning dismissal of criminal charges by the prosecutor upon the defendant’s forfeiture of civil relief. They have adopted the opinion of Chief Judge Bazelon of *678 the District of Columbia Circuit Court that “[t]he Government may not prosecute for the purpose of deterring people from exercising their right to protest official misconduct and petition for redress of grievances.” (Dixon v District of Columbia, 394 F2d 966, 968; see, also, McDonald v Musick, 425 F2d 373; Horne v Pane, 514 F Supp 551.)
Recently, however, the California Supreme Court has rejected this view and held that dismissal of charges in return for a release of civil liability for the complaining witness was in the interest of justice and did not violate public policy. (Hoines v Barney’s Club, 28 Cal 3d 603.) “In requiring a release from the accused — but only by his free and voluntary election”, the court declared, “the state accomplishes both the imposition of the bargained-for disability and protection of those it reasonably deems to be innocently involved.” (Hoines v Barney’s Club, supra, at pp 612-613.)
It is not necessary for this court to attempt to resolve the conflict in the law which these cases represent. Here the People moved to adjourn the case in contemplation of dismissal with no conditions attached: “Your Honor, there is an offer in this case of an A.C.D.” (Statement by prosecutor, transcript of A.C.D., Nov. 15, 1983, p 2.) By that date, the People had an opportunity to fully investigate the case, speak to witnesses, and answer motions. The District Attorney was on notice that the defendant had been hospitalized as a result of this incident and claimed she could no longer work as a result of the injuries sustained. The District Attorney need not have been psychic to predict that a civil suit by the defendant against the hospital was forthcoming. Thus, even if the law were to allow conditioning on A.C.D. upon forfeiture of the defendant’s right to sue the complainant civilly, the fact is that the People did not attempt to do so.
Should the People be allowed to amend the disposition two months later to achieve this result? In the court’s view, it is not in the interest of justice to allow it. There has been no fraud or deceit by the defendant to induce the A.C.D. This is not a case where the People were induced to enter into a disposition because of a misstatement or deceit by the defendant. (Cf. Matter of Lyons v Goldstein, 290 NY 19; *679 People ex rel. Bocchetti v Wallack, 269 App Div 888.) The defendant has consistently maintained her innocence and called the People’s attention to the fact that she was injured during this incident. Indeed, she accepted the A.C.D. somewhat reluctantly: “An adjournment in contemplation of dismissal, after all, is not a favorable disposition to the defendant. Its [sic] not been held to represent entirely a favorable disposition to the defendant.” (Statement of defendant’s attorney, transcript of A.C.D., Nov. 15,1983, p 5.)
As a 48-year-old mother of six children with no prior criminal record, the defendant realistically, was not facing a jail sentence. While, of course, this in and of itself is no reason to prohibit restoration of the case to the calendar, it is a relevant consideration given the congested docket of the Manhattan Criminal Court.
The only meaningful purpose served by restoring this case to the Criminal Court Calendar, therefore, would be to secure a disposition — conviction or acquittal — which would substantially affect the outcome of the pending civil suit. This would not be an effective use of the limited resources of the Criminal Court. Indeed, this matter appears to be essentially civil in nature, and to require a criminal trial before a civil one would be a clear case of the tail wagging the dog.
Finally, the court notes that Columbia Presbyterian Hospital, one of New York City’s major and outstanding hospitals, hardly needs the District Attorney to shield it from frivolous litigation. The court is confident that the hospital has access to able counsel who will exploit the A.C.D. as tantamount to the defendant’s “copping a plea”. (See Grobe v Three Vil. Herald, 69 AD2d 175, 176-177.)
The application by the People to restore the defendant’s case to the calendar is denied. The case remains adjourned in contemplation of dismissal.