STEPHEN COWLES, Appellant, v THOMAS V. N. BROWNELL, Respondent.

Third Department, May 7, 1987

*Robert J. Krzys* for appellant.

*Kelleher & Flink (Michael M. Emminger* of counsel), for respondent.

### OPINION OF THE COURT

HARVEY, J.

On July 20, 1984, plaintiff was arrested by defendant, a police officer of the City of Amsterdam, in Montgomery County, in connection with an incident which occurred in that city. In two separate informations signed by defendant and another police officer, respectively, plaintiff was charged with two counts of harassment in violation of Penal Law § 240.25 (1). On December 19, 1984, plaintiff, his attorney, the Assistant District Attorney and the two police officers appeared in Amsterdam City Police Court for the scheduled trial of the charges. Negotiations took place with the result that plaintiff, in open court, promised to execute a release to the city and the two police officers of any civil liability arising out of the incidents which resulted in the arrest and charges that were filed. The prosecutor thereupon consented to the dismissal of the charges. Approximately one month later, plaintiff executed the release.

Nearly a year later, plaintiff commenced this action alleging false arrest, malicious prosecution, assault and battery, and invalidity of the release. Thereafter, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) upon the ground that plaintiff had executed a release absolving defendant from all civil liability. Special Term, without opinion, dismissed the complaint in its entirety. Plaintiff now appeals that decision.

Plaintiff contends that Special Term erred in summarily deciding the motion without notification of its election to consider the matter as a motion for summary judgment and without extending an opportunity for an evidentiary hearing.

Plaintiff also contends that the general release executed by him is a nullity for the reason that the circumstances of its execution were contrary to public policy.

■ We believe that the first issue to be determined is whether the procedure of bargaining a dismissal of a minor criminal charge upon the condition that the accused waive his right to prosecute a civil action against the complainant is in contravention of public policy. We conclude that it is not. Although similar release-dismissal transactions have been before this court in *People v Santana* (99 AD2d 586) and *People v Jandrew* (101 AD2d 90), in which no determination of invalidity was made, the issue of public policy was not addressed. Consequently, we consider this a case of first impression in this Department.

The First Department in *Dziuma v Korvettes* (61 AD2d 677) did consider a case very similar to this. Although the court in that case held the release to be invalid, the court stated that "a defendant in a criminal action may knowingly, voluntarily and intelligently offer a release or relinquishment of civil remedies during plea bargaining negotiations" *(supra,* at 679). The court went on to say that "[a]greements relinquishing fundamental civil or constitutional rights under such circumstances must be scrutinized with utmost care to determine whether the consent was freely and voluntarily given or was extracted under such circumstances as to abridge fundamental civil or constitutional rights. (See *Dixon v District of Columbia,* 394 F2d 966, 969.)" *(Supra,* at 679; *see also, Zebrowski v Bobinski,* 278 NY 332; *Kabnick v O'Malley,* 58 AD2d 804; *Follender v Merl,* 242 App Div 650, *affd* 266 NY 534.)

Although similar, *Dziuma (supra)* differs from the instant case in a most material aspect. There was no bargaining in *Dziuma.* The prosecutor announced that he had insufficient evidence to convict and recommended dismissal. The court, *sua sponte,* required the release. The First Department nullified the release. In the case before us, there was bargaining. The prosecutor agreed to dismissal only upon the express condition that plaintiff deliver a release of any civil action to be commenced. The prosecutor, in an affidavit supporting defendant's motion herein, stated that he was prepared for trial and that in his opinion there was an excellent chance for a conviction.

It is quite clear that New York case law does not support plaintiff's position. Neither, in our view, is there reason to

depart from the law as stated by the First Department in *Dziuma (supra)*. In certain cases, particularly where, as here, the accused is charged with a mere violation, it may be a public benefit to forego a trial.

Defendant suggests that even though the release-dismissal transaction involves a certain amount of coercion upon a charged defendant, that procedure is not fundamentally different from the common plea bargaining procedure used extensively in our criminal justice system. We agree. Obviously the bargaining chip in both instances is a defendant's reluctance to take the risk of a determination of guilt following a trial, when a more advantageous alternative is offered.

On appeal, plaintiff relied heavily upon *Rumery v Town of Newton* (778 F2d 66). That decision was reversed by the United States Supreme Court after argument of the instant case *(Town of Newton v Rumery,* 480 US —, 107 S Ct 1187). The United States Supreme Court held that release-dismissal transactions are not violative of public policy per se. In its opinion, the advantages and dangers of release-dismissal agreements were discussed at length. Each such agreement must be examined on a case-by-case basis to determine whether the release was freely and voluntarily given *(supra)*.

■ The motion to dismiss the complaint herein was made pursuant to CPLR 3211 (a) (5). Special Term granted the motion without opinion. Not having announced that the motion was being considered as one for summary judgment (CPLR 3211 [c]), it appears that the court erred. The validity of the release was contested. Therefore, we remit to Supreme Court for consideration of the motion as one for summary judgment, thereby providing the parties an opportunity to address the motion in that manner, including a demand for an evidentiary hearing. In its determination, Supreme Court should scrutinize the agreement with utmost care in accordance with this decision.

KANE, J. P. (concurring). Although I agree with the majority's conclusion, I am unable to agree that the release-dismissal transaction is not fundamentally different from the "common plea bargaining procedure used extensively in our criminal justice system". Rather, as observed in *Town of Newton v Rumery* (480 US —, —, 107 S Ct 1187, 1196 [O'Connor, J., concurring]):

"release-dismissal agreements potentially threaten the integrity of the criminal process and preclude vindication of

* * * civil rights. Permitting such releases may tempt public officials to bring frivolous criminal charges in order to deter meritorious civil complaints. The risk and expense of a criminal trial can easily intimidate even an innocent person whose civil and constitutional rights have been violated * * * The coercive power of criminal process may be twisted to serve the end of suppressing complaints against official abuse, to the detriment not only of the victim of such abuse, but also of society as a whole.

"In addition, the availability of the release option may tempt officials to ignore their public duty by dropping meritorious criminal prosecutions in order to avoid the risk, expense and publicity of a * * * [civil] suit * * * The public has an interest in seeing its laws faithfully executed. But, officials may give more weight to the private interest in seeing a civil claim settled than to the public interest in seeing the guilty convicted. By introducing extraneous considerations into the criminal process, the legitimacy of that process may be compromised. Release-dismissal bargains risk undermining faith in the fairness of those who administer the criminal process. Finally, the execution of release-dismissal agreements may result in having to determine whether the prosecutor violated any of his ethical obligations as a lawyer."

With regard to the last observation, I note that the Code of Professional Responsibility DR 7-105 (A) provides that "[a] lawyer shall not * * * threaten to present criminal charges solely to obtain an advantage in a civil matter". Accordingly, care should be exercised to assure that there is no appearance of a violation of the Code of Professional Responsibility by a prosecutor *(see, MacDonald v Musick,* 425 F2d 373, *cert denied* 400 US 852; *see also,* County Law § 700; Penal Law § 1.05; *Town of Newton v Rumery, supra,* at 1195, n 10 [majority opn], at 1203 [Stevens, J., dissenting]; *People v Wilmot,* 104 Misc 2d 412).

In light of the above, I would emphasize that at the ensuing proceedings, Supreme Court should carefully scrutinize the agreement to ensure that consent was freely given. Moreover, defendant, as the party relying upon the release, has the burden of establishing that the agreement is neither involuntary nor the product of an abuse of the criminal process *(see, Dziuma v Korvettes,* 61 AD2d 677, 679, *supra; see also, Town of Newton v Rumery, supra).*

MAIN, MIKOLL and YESAWICH, JR., JJ., concur with HARVEY, J.; KANE, J. P., concurs in a separate memorandum.

Order reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith.