OPINION OF THE COURT
Per Curiam.
The issue before us is whether a release from civil liability of a municipality and two police officers, given by plaintiff as a condition of the District Attorney’s consent to dismissal of criminal harassment charges, should be enforced. We conclude that the release should not be enforced, and therefore deny defendant’s motion to dismiss the complaint.
On July 20, 1984, plaintiff and a companion were stopped in a car by two City of Amsterdam police officers — one of them the defendant in the present case. Plaintiff alleges that defendant arrested him without cause and beat him without provocation. Plaintiff was charged with two counts of harassment, a violation (Penal Law § 240.25 [1]). Several months after his arraignment, while the charges were pending, plaintiff filed a notice of claim for injuries sustained in the course of the incident.
Plaintiff’s lawyer and the Assistant District Attorney assigned to the case discussed the possibility of a negotiated disposition of the charges but plaintiff, maintaining that the charges were baseless, refused to accept the offer of an adjournment in contemplation of dismissal. Then, on December *385 19, 1984, shortly before trial, the prosecutor in open court offered to dismiss the charges provided plaintiff agreed to release the City and the two arresting officers from all civil claims arising from the incident. After discussing the offer with his attorney plaintiff accepted it, stating that he did so reluctantly, as this was the only way the matter could be disposed of without trial. The prosecutor gave no reason for imposing the condition.
After executing the release, plaintiff commenced the present tort action against defendant for malicious prosecution, false arrest, assault and battery. Defendant moved to dismiss the complaint on the ground that plaintiff had previously released all claims against him. In opposition, plaintiff contended that the Assistant District Attorney was aware that defendant had been involved in many similar assaultive incidents leading to civil suits, that the District Attorney’s office made a practice of demanding releases in those cases, that the prosecutor had opined that there was no merit to the charges against plaintiff but had insisted on obtaining a release, and that plaintiff had agreed to that condition because the expense and risk of trial were unacceptable but had been advised by his lawyer that the agreement would prove unenforceable. Supreme Court summarily dismissed the complaint, but the Appellate Division reversed and remitted for further proceedings, concluding that summary judgment had been improperly granted (127 AD2d 325).
At the hearing that followed, plaintiff’s attorney testified that from the beginning, the prosecutor had conveyed to him the view that the criminal charges were unfounded, and that the City had repeatedly been sued over defendant officer’s conduct. The prosecutor, by contrast, testified that he had believed the criminal case against plaintiff to be a good one, based on his conversations with the three police officer eyewitnesses and their reports. The reason proffered by the prosecutor for his ultimate decision was that "constantly being faced with the specter of a [civil] lawsuit, rather than proceed any further, the People decided that the most expedient solution to this case, and one that would be satisfactory to both parties, would be a dismissal, our consideration in return for a release from Mr. Cowles, his consideration.” The prosecutor also testified that an affidavit he had submitted in connection with defendant’s motion to dismiss had been prepared for him by defendant’s attorney. Supreme Court again dismissed the complaint, finding that plaintiff had voluntarily *386 entered into the release-dismissal agreement. The Appellate Division affirmed, concluding that plaintiff was "fully apprised of the rights he was waiving and the benefit he was receiving in exchange therefor.” (138 AD2d 877.) We now reverse and deny the motion to dismiss.
The prosecutor’s decision to condition dismissal of the criminal charges against plaintiff upon relinquishment of his right to seek civil damages for defendant’s alleged misconduct was unrelated to the merits of the People’s case. Consequently, there remain unresolved factual allegations not only regarding defendant’s conduct, but also regarding the District Attorney’s office, which stands accused of routinely demanding such waivers in order to protect a police officer whose misdeeds it knows. The record in this case demonstrates that the practice of requiring the release of civil claims in exchange for dismissal of charges simply to insulate a municipality or its employees from liability can engender at least an appearance of impropriety or conflict of interest. The integrity of the criminal justice system mandates that an agreement made in the circumstances presented not be enforced by the courts.
Although the Appellate Division noted the danger of coercion presented by the choice offered plaintiff, it found that plaintiff had voluntarily agreed to execute the release. That finding, having support in the record, is not reviewable by us. We cannot agree with the Appellate Division, however, that voluntariness is the central consideration in determining whether to give effect to the arrangement. Nor do we agree that the release-dismissal agreement entered into here is fundamentally the same as a plea bargain (see, 127 AD2d, at 328; but see, id. [Kane, J., concurring]). In plea bargains, there is an admission of wrongdoing by the defendant and imposition of an agreed punishment; in return for forgoing conviction on the highest charges, the prosecution and defense are spared the burden and risk of trial. The process thus may be advantageous to both sides and to the public as well, not only because of economy, but also because a wrongdoer is punished with speed and certainty.
The same cannot be said of the agreement in this case. Insofar as the integrity of the criminal justice system was concerned — the paramount interest here — on this record there was no benefit, only a loss. Assuming plaintiff to have been guilty of the criminal charges leveled against him (as the prosecutor maintains) the People’s interest in seeing a wrong *387 doer punished has not been vindicated. Assuming him to have been innocent (as he maintains), or the case against him to have been unprovable, the prosecutor was under an ethical obligation to drop the charges without exacting any price for doing so. In either case, as in a case where the prosecutor simply determines that charges are not worth pursuing, such an agreement leaves unanswered questions about defendant’s conduct in making the arrest and about the motives of the District Attorney’s office. There is no public interest to be advanced by enforcing the agreement here. Rather, the agreement may be viewed as undermining the legitimate interests of the criminal justice system solely to protect against the possibility of civil liability; it surely does not foster public confidence that the justice system operates evenhandedly.
Insulation from civil liability is not the duty of the prosecutor. The prosecutor’s obligation is to represent the People and to that end, to exercise independent judgment in deciding to prosecute or refrain from prosecution. This obligation cannot be fulfilled when the prosecutor undertakes also to represent a police officer for reasons divorced from any criminal justice concern. To enforce a release-dismissal agreement under these circumstances is simply to encourage violation of the prosecutor’s obligation.
In reaching this conclusion, we are aware that a plurality of the United States Supreme Court recently upheld a release-dismissal agreement similar to the one at issue (see, Newton v Rumery, 480 US 386). To the extent that the decision was based on the fact that in Rumery the prosecutor had what was deemed "an independent, legitimate reason * * * directly related to [the County Attorney’s] prosecutorial responsibilities” (id., at 398), we agree that such a reason — if genuine, compelling and legitimately related to the prosecutorial function — might overcome the strong policy considerations disfavoring enforcement of such agreements. We emphasize, however, that absent such reasons, release-dismissal agreements present an unacceptable risk of impairing the integrity of the criminal justice process.
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion to dismiss the complaint denied.