OPINION OF THE COURT
Angelo D. Lomanto, J.
This matter comes before me on defendant’s appeal from a conviction and sentence in the Town Court of the Town of Northampton.
FINDINGS OF FACT
The defendant, a 16-year-old boy, was charged with the larcenous taking of two cases of milk, having a total value of $14.82 from the Northville High School on November 14, *514 1989. On December 1, 1989 the defendant appeared with his mother before Town Justice Orloff, and on the motion of the Fulton County District Attorney, defendant was granted an adjournment in contemplation of dismissal (A.C.D.) pursuant to CPL 170.55.
This disposition was conditioned upon the defendant performing community service at the Northville High School for 12 hours. Evidently the defendant failed to complete this service. The defendant was instructed by the court to appear on February 2, 1990 in a written notice. The defendant appeared with his mother and the court, sua sponte, revoked the adjournment in contemplation of dismissal. This District Attorney was not present. Then the defendant pleaded guilty to the original charge. The court ordered a probation report, and the matter was adjourned without date.
On April 4, 1990 the defendant was arrested for unauthorized use of a motor vehicle in the third degree. On that same day Judge Orloff had a phone conversation with the defendant’s mother. She evidently told him that the defendant was uncontrollable and she was afraid he would run away. There is no indication that the defendant failed to appear before the court in the interim as no appearance had been scheduled. Immediately thereafter the court issued a bench warrant for the defendant’s arrest.
The report of the Deputy Sheriff who arrested the defendant indicates that Judge Orloff accompanied the arresting officer as he visited several locations in the village of Northville where the defendant was likely to be. Eventually the Judge and the officer found the defendant at his home and he was arrested there. The defendant was put in jail and bail set at $2,500. The next day Judge Orloff sentenced the defendant to 60 days in jail and three years’ probation.
CONCLUSIONS OF LAW
The first issue before me is whether the court may, on its own motion, restore a case to the calendar that has been adjourned in contemplation of dismissal pursuant to CPL 170.55. With the resources available to me I am unable to find a reported case in this State where that issue has been decided. The issue has been addressed by several courts in dicta, but the courts in question reached significantly different conclusions. In People v Pomerantz (76 Misc 2d 766 [Crim Ct, NY County 1974]), the court denied the prosecutor’s applica *515 tion to restore a case previously given A.C.D. treatment to the Criminal Calendar. The court then went on to state (at 768) "The statute does not in any manner prohibit the court from restoring the case to the calendar; it simply states under what conditions the court must restore the case. It does not purport, in any way, to prevent the court with jurisdiction over the original matter, in furtherance of justice, from restoring the case to the calendar should the court be of the judgment that there has been a change in the facts and circumstances under which the A.C.D. was granted or that, based upon additional facts presented, the motion to adjourn the proceeding in contemplation of dismissal should not have been granted in the first place.” (See also, People v Hurt, 78 Misc 2d 43 [Grim Ct, Bronx County 1974]; People v Parr, 89 Misc 2d 11 [Dist Ct, Nassau County 1976].)
Directly opposed is a case decided in the same court 10 years later. (People v Clark, 123 Misc 2d 674 [Crim Ct, NY County 1984].) There the District Attorney moved to restore an A.C.D. case to the calendar because the defendant had commenced civil action against the various complainants. The court clearly did not view this as a particularly good ground on which to revoke an A.C.D. but would not subject the prosecutor to a rigorous standard in review of his application. "In this court’s view, prosecutors should be given great leeway with such applications. The District Attorney is, after all, the sole authority in determining who should or should not be prosecuted, and the judiciary should not interfere with the exercise of that authority” (supra, at 676).
I find the reasoning of the court in People v Clark (supra) convincing. Because of the actions of the court below after the case herein was restored to the calendar I find it necessary to review the theory of separation of powers and prosecutorial discretion at some length. A succinct and lucid statement of these principles is set forth in Matter of Hassan v Magistrates’ Ct. (20 Misc 2d 509, 511 [Sup Ct, Queens County 1959]):
"In the field of criminal law, the boundaries of the respective spheres of the three branches of Government are clearly defined. The Legislature makes the law and defines the offense. The executive authority executes and enforces the law. Acting through a District Attorney or the Attorney-General, the charge of violation of law is formulated and the criminal proceeding initiated. It is then for the judiciary to interpret and apply the law in the particular case where the charge is made.
*516 "Each function is separate and distinct. Each branch of Government is burdened with its own responsibility and the judicial branch under ordinary circumstances should not sit in judgment on the discretion lodged in the others.”
Perhaps even more pertinent to the issues at hand is the reasoning of the court in Matter of McDonald v Sobel (272 App Div 455, 461 [2d Dept 1947]): "At common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court. These powers were vested elsewhere. The power to prosecute crime and control the prosecution, after formal accusation had been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney. When the Code of Criminal Procedure was enacted, declaratory for the most part of the common law, this allocation of power was continued.”
In short, the decision of if and how a case is to be prosecuted in local criminal court rests with the office of the District Attorney of this county. The town court does not have the power to restore a case to its calendar that has been adjourned in contemplation of dismissal pursuant to CPL 170.55.
Further I find that the actions of the Town Justice in issuing a warrant for the arrest of the defendant and accompanying the arresting officer to the defendant’s residence were improper. Finally, had all other proceedings in this case been regular I would strike the sentence of the defendant as harsh and excessive. A 60-day/three-year sentence for a 16-year-old defendant with no prior record who has been charged with the theft of $15 worth of milk is of such a nature as to shock the conscience of this court.
The conviction herein is vacated and set aside. This matter is remanded to the Town Court of the Town of Northampton before another Judge of the said court, for further proceedings consistent herewith.