■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY C. GRUNE, Appellant. [717 NYS2d 750] —Mercure, J. P. Appeal from a judgment of the County Court of Otsego County (Scarzafava, J.), rendered October 26, 1999, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant was indicted on two counts of the class D felony of driving while intoxicated, both arising out of a February 19, 1999 occurrence. Defendant subsequently entered into a plea bargain that allowed him to satisfy the entire indictment with a plea of guilty to the first count as reduced to a class E felony. The plea bargain also provided for defendant's waiver of appeal and, of central concern here, his withdrawal of a notice of claim he had filed against Otsego County, both given in exchange for the People's agreement to reduce the recommended jail sentence from 12 months to 10 months. Following full performance of the terms of the plea bargain, defendant appeals from the ensuing judgment of conviction, contending that the People impermissibly conditioned the plea bargain upon his release of a civil cause of action and that the resulting plea and sentence are therefore illegal as a matter of law.

There is arguable merit to defendant's contention that the

People exceeded their authority in requiring him to waive his right to seek civil damages in exchange for a diminished jail sentence. It does not necessarily follow, however, that his waiver of appeal or judgment of conviction should be vacated as a result. To the contrary, the appropriate remedy for the impermissible extraction of a criminal defendant's release of a civil claim is to deny enforcement of the release when and if it is asserted by way of defense in a civil action (*see, Cowles v Brownell*, 73 NY2d 382, 384; *Dziuma v Korvettes*, 61 AD2d 677). Within the context of the present criminal action, the release worked only to defendant's advantage: by giving it, he obtained a two-month reduction in the bargained-for jail sentence. To the extent that the release is unenforceable, an issue which we need not decide, he will have received a preferential sentence in exchange for illusory consideration. Obviously, his release did not induce his plea of guilty or waiver of appeal. Because defendant has raised no valid issue concerning the voluntariness of his plea of guilty or his waiver of appeal, they should be enforced.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.